UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| CHARLES D. NADEAU,<br><br>Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | 3:25-CV-03004-KES<br><br>ORDER DISMISSING § 2255 MOTION |

      Petitioner, Charles D. Nadeau, filed a pro se motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. Docket 1. The matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and the District of South Dakota's Civil Local Rule of Practice 72.1.A.2(b), which designate to the magistrate judge the duty to prepare proposed findings and recommendations for the disposition of posttrial relief made by individuals convicted of criminal offenses.  The magistrate judge recommended that this matter be treated as a writ of error *coram nobis* instead of a motion for relief under § 2255, because Nadeau appeared to have been released from the Bureau of Prisons before he filed his motion. Docket 3 at 1–2. The magistrate judge then recommended that *coram nobis* relief be denied because Nadeau did not receive approval from the Eighth Circuit Court of Appeals to file a second or successive motion before filing this motion. *Id.* at 2. Nadeau timely filed objections to the report and recommendation noting that his motion was placed in the prison mail system on February 20, 2025, and he was not released from

custody until February 21, 2025. Docket 9; *Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (results from searching "Charles Nadeau") (last visited Oct. 2, 2025).

## STANDARD OF REVIEW

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. The court reviews de novo any objections to the magistrate judge's recommendations as to dispositive matters that are timely made and specific. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In conducting its de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Craft*, 30 F.3d 1044, 1045 (8th Cir. 1994).

## DISCUSSION

Nadeau objects to the magistrate judge's conclusion that Nadeau was no longer in custody when he filed his § 2255 motion. Docket 9 at 1. Nadeau's objection states that he placed his motion in the prison mailing system on February 20, 2025. *Id.* His original motion includes a declaration in compliance with 28 U.S.C. § 1746 that, under penalty of perjury, he placed the motion in the prison mailing system on February 20, 2025. Docket 1 at 13; Docket 1-1 at 13. Additionally, the envelope into which the motion was placed is postmarked February 21, 2025, in Oklahoma City, Oklahoma. Docket 1 at 14. According to the Bureau of Prison's inmate locator service, Nadeau was released from the Bureau of Prisons on February 21, 2025. *Find an Inmate*, *supra* at 2.

Under Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [a] paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746[.]

Nadeau met all the requirements of the prison mailbox rule, and the court finds that the motion was filed while Nadeau was in the custody of the Bureau of Prisons. Furthermore, Nadeau satisfied the "in custody" requirement of 28 U.S.C. § 2255 because he was in custody at the time his petition was filed. *See Beets v. Iowa Dep't of Corrs.*, 164 F.3d 1131, 1133 n.2 (8th Cir. 1999). As a result, the court sustains Nadeau's objection and rejects the magistrate judge's conclusion that this § 2255 motion was not filed while Nadeau was in custody.

Because Nadeau was subsequently released from custody, the court must next consider whether this cause of action is moot. Specifically, regarding a § 2255 motion, when a movant is released from custody, his case becomes moot unless he can show that his § 2255 motion will still provide him with a genuine benefit. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (interpreting mootness in the context of 28 U.S.C. § 2254). A movant who is challenging the underlying conviction, even after being released, can still benefit from a § 2255 motion because it may eliminate some of the "collateral consequences that attach to a conviction as a matter of law." *Id.* at 9 (*quoting Carafas v. LaVallee*, 391 U.S. 234, 237 (1968)).

Here, Nadeau alleges that he pleaded "guilty to case number 3:08 CR 30049. I am not guilty to case number 3:08 CR 030049-001[.]" Docket 1 at 1. He claims that these are two separate matters and as a result he was subject to double jeopardy, denied counsel in the second case, and denied the opportunity to be present at all stages of the proceedings in the second case. *Id.* at 1, 4, 7, 9, 11. Because Nadeau is challenging the underlying conviction, as well as the collateral consequences of the conviction, the court finds that this matter is not moot.

Nadeau appears to have a mistaken understanding of the court's case docketing system. He states that he pleaded "guilty to case number 3:08 CR 30049. I am not guilty to case number 3:08 CR 030049-001[.]" *Id.* at 1. Throughout his motion, Nadeau alleges that these are two separate matters, and he received no representation regarding the second matter. *Id.* at 1–15. Noticing the two appended zeros and the numeral one, Nadeau mistakenly believes two independent cases exist and claims he is being doubly punished for the same conduct or never had a chance to contest the allegations in the second indictment. But that is not the case. Both numbering systems refer to the same case. The final "-001" simply identifies a particular defendant in a multi-defendant case. Because the indictment in Nadeau's case only charges him, *see United States v. Nadeau*, 3:08-CR-30049-KES (D.S.D) at Docket 2, the case number can either end at 30049 or refer to Nadeau as the first defendant with the appended "-001." Nadeau was only sentenced once for his conduct,

4

and the written judgment reflects the oral pronouncement of his sentence. *Id.* at Dockets 63, 66.

The magistrate judge also recommends that Nadeau's motion be dismissed because "[t]his is Nadeau's second motion seeking relief from his revocation sentence." Docket 3 at 2. But Nadeau is not challenging his revocation sentence in this motion—instead he is challenging his underlying conviction. Thus, the court is not adopting this recommendation of the magistrate judge.

But Nadeau's motion under § 2255 is untimely. His original judgment of conviction was issued July 21, 2009. *United States v. Nadeau*, 3:08-CR-30049-KES (D.S.D) at Docket 66. He had 14 days to appeal, but did not do so. As a result, Nadeau had until August 4, 2010, to file a § 2255 motion collaterally attacking that 2009 judgment. Any attack on the 2009 conviction is now time-barred. *See* 28 U.S.C. § 2255(f) (setting a one-year statute of limitations for bringing a § 2255 motion).

After conducting a de novo review, it is ORDERED:

1. That Nadeau's objection to the report and recommendation (Docket 9) is sustained.

2. That the magistrate judge's report and recommendation (Docket 3) is rejected.

3. That Nadeau's motion under 28 U.S.C. § 2255 (Docket 1) is dismissed with prejudice.

4. That for the reasons set forth herein, the court finds that Nadeau has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Thus, a certificate of appealability is denied.

Dated October 2, 2025.

                            BY THE COURT:

                            */s/ Karen E. Schreier*
                            KAREN E. SCHREIER
                            UNITED STATES DISTRICT JUDGE